# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2025-1147
LT Case No. 2021-CA-000800

_____

DWAYNE S. DUNDORE,

    Appellant,

    v.

JACKIE E. HALL, JJL EQUIPMENT
HOLDINGS, LLC, KHRYSOS
GLOBAL INC., and PHANTOM
INDUSTRIES, INC.,

    Appellees.

_____

On appeal from the Circuit Court for Lake County.
Cary Frank Rada, Judge.

Martin Pedata, of Law Office of Martin Pedata, Deland, for Appellant.

Derek A. Schroth and Elizabeth S. Bradley, of Bomen and Schroth. P.A., Eustis, for Appellees, Jackie E. Hall, and JJL Equipment Holdings, LLC..

No Appearance for Remaining Appellees.


August 14, 2026

BOATWRIGHT, J.

Appellant Dwayne S. Dundore (Dundore) seeks reversal of the trial court's entry of summary judgment in favor of JJL Equipment Holdings (JJL), a Florida limited liability company. We have jurisdiction pursuant Florida Rule of Appellate Procedure 9.110(k) (2025). Because there is a genuine issue of material fact regarding JJL's claim that Dundore personally violated the Florida Deceptive and Unfair Trade Practices Act (FDUPTA), we reverse the order of summary judgment and remand for further proceedings.

## I.

James F. Everett (Everett), Jackie E. Hall (Hall), and JJL filed a multi-count complaint against Khrysos Global, Inc. (Khrysos), a Florida for-profit corporation; Phantom Industries, Inc. (Phantom), an administratively dissolved Florida corporation; and Dundore. The complaint alleged that the named Defendants made representations to Plaintiffs regarding the development and construction of a machine, known as the Green Machine, which could extract active compounds from medical marijuana plants. Plaintiffs alleged that representations were made that the Green Machine or a substantially similar machine could be sold to them, and that future equipment and technology for the system could be provided to Plaintiffs for use in their business. Plaintiffs then made payments totaling $385,000 for this technology to Khrysos and Phantom but claimed that the Defendants did not provide them with either the machine or equipment and never returned the funds paid.

Counts I-IV of the complaint, along with count VII, included claims by JJL against Phantom and Khrysos for unjust enrichment, unfair and deceptive trade practices, and money lent. Specific to this appeal, count V included a claim against Dundore personally for deceptive and unfair trade practices which violated FDUTPA. Count VI of the complaint included a claim for a breach of oral contract brought by Everett against Dundore involving the refurbishment of an automobile that was unrelated to the purchase of the Green Machine.

2

Plaintiffs moved for summary judgment on all counts of the complaint. At the time the motion for summary judgment was filed, Everett was deceased. His wife, Hall, was substituted as a party and filed an affidavit in support of the motion. The affidavit alleged that Dundore made repeated representations to Hall and Everett as the managing members of JJL; that he developed protocols for extracting the active components of the medical marijuana plant; and that he built an automated extraction system known as the Green Machine. According to Hall, Dundore represented that he could sell or procure the Green Machine or a similar extraction system to Plaintiffs, and he would provide technology for the extraction system. JJL then made payments to Khrysos and Phantom based on the representations of Dundore. However, he never delivered the Green Machine or a substantially similar extraction system to JJL, nor did he return the funds provided for the purchase and subsequent support services. Hall alleged that as a result, Dundore's representations were false and deceptive and damaged Plaintiffs.

Only Dundore responded to the motion for summary judgment by filing an affidavit in opposition to the motion refuting Hall's allegations. He admitted that he had conversations with JJL as the president of Khrysos stating that the company could provide an extraction system, but he denied personally saying he would do so. According to Dundore, Khrysos was in the business of building extraction systems for its customers, and had the ability to build such a system. Dundore denied that the Green Machine was the marijuana extraction system that was sold to JJL. Dundore alleged that he was not obligated to sell or deliver any such system to JJL. He further contended that he did not contract to provide any services or products to JJL as the contract for the system was between JJL and Khrysos. According to Dundore, he never personally received any funds from JJL to build and deliver any extraction system. All the checks issued by the Plaintiffs were made payable directly to his company, Khrysos, and not him personally.

Dundore further alleged that Khrysos started building the system, but then it was sold to Youngevity International, Inc. (YGYI) and its subsidiary, Khrysos Industries, Inc (KII). YGYI bought the company and assumed the obligation to manufacture

3

and sell the equipment. As a result of the sale, Khrysos and Dundore made sure that all equipment, assets, and contractual obligations of Khrysos were turned over to YGYI under a Purchase Agreement, so the extraction system for JJL would be built and supplied under the agreement by YGYI. Dundore was hired as President of KII but KII terminated his employment thereafter. After Dundore was terminated, he believed that the system was completed but not delivered to JJL based on a conversation he had with a representative of YGYI who informed him that JJL had not paid the full price for the system.

The trial court granted the motion for summary judgment on all counts except the count for breach of oral contract. Specifically as to count V, the trial court determined that Plaintiffs' allegations in the complaint and Hall's affidavit as well as the summary judgment evidence established that that Dundore was a direct participant in the dealing with Plaintiffs and engaged in deceptive and unfair trade practices damaging JJL. According to the court, Dundore directly acted with deception damaging and defrauding JJL. Dundore timely appeals arguing there are material issues of fact in dispute as to whether he violated FDUTPA.

## II.

"To prevail on a motion for summary judgment, a movant must show that (1) 'there is no genuine dispute as to any material fact' and (2) 'the movant is entitled to judgment as a matter of law.'" *Ahmed v. Mid Fla. Dev., LLC,* 412 So. 3d 167, 174 (Fla. 5th DCA 2025) (quoting *Olsen v. First Team Ford, Ltd.,* 359 So. 3d 873, 876 (Fla. 5th DCA 2023)). "An issue of fact is 'material' if it would change the outcome of the litigation, and a dispute about a material fact is 'genuine' if the evidence is such that it could lead a reasonable factfinder to find for the non-moving party." *Christie v. Publix Super Markets*, 51 Fla. L. Weekly D1449a (Fla. 5th DCA July 17, 2026) (quoting *Davidson v. Sandestin Beach Hotel, Ltd.*, 2026 WL 1031014, at *3 (N.D. Fla. April 9, 2026) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986))). "The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of

4

either party." *Id.* (quoting *Anderson*, 477 U.S. at 250). In making this determination, the evidence in the summary judgment record is interpreted in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (citation modified). Finally, "[o]ur role is limited: we cannot weigh the evidence; rather, we can only conclude whether it is so one-sided that the result of any trial is inevitable." *Christie,* 51 Fla. L. Weekly D1449a (quoting *Turner v. Phillips*, 2022 WL 458238, at *4 (11th Cir. Feb. 15, 2022)); *see CG Tides LLC v. SHEDDF3 VNB, LLC*, 388 So. 3d 1081, 1085 (Fla. 3d DCA 2024) (quoting *Anderson*, 477 U.S. at 255) ("'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict.'").

FDUPTA is intended to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." § 501.202(2), Fla. Stat. (2017). A plaintiff must prove three elements to support a FDUTPA claim for damages: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages. *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. 5th DCA 2008). A deceptive practice is one that is "likely to mislead" consumers. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006). An unfair practice is "one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Id.*

The trial court determined that the complaint and summary judgment evidence established that Dundore was a direct participant in the dealing with Plaintiffs and engaged in deceptive and unfair trade practices that damaged JJL. The record relied on by the trial court included Hall's affidavit; Dundore's response to Plaintiffs' Request for Admissions; a contract between Khrysos and Plaintiffs; and proof of payment to Khrysos and Phantom by Plaintiffs. Without Hall's affidavit, this evidence by itself did not establish that Dundore engaged in deceptive and unfair trade

5

practices which damaged JJL. However, Dundore's affidavit refuted the allegations in Hall's affidavit. This raised a genuine dispute of material fact specifically as to whether Dundore's actions constituted a deceptive act or unfair practice and was sufficient to preclude an order of summary judgment. *See CG Tides LLC*, 388 So. 3d at 1085 (Summary judgment "by no means authorizes trial on affidavits."). Therefore, the trial court erred in granting summary judgment as to JJL's claim against Dundore.

## III.

Because a disputed issue of fact remains, we reverse the trial court's order of summary judgment on only count V of the complaint directly related to the FDUTPA claim alleged against Dundore.[1] Therefore, we remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED

JAY, C.J., and EISNAUGLE, JJ., concur.

------

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

------

------

[1] The trial court granted summary judgment on all counts of the complaint except for count VI. Counts I-IV of the complaint along with count VII were actions against Khrysos and Phantom. Neither Khrysos nor Phantom has appealed the summary judgment entered against them. Thus, the only count at issue on appeal is the FDUPTA claim against Dundore in count V of the complaint.